IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KATHLEEN MCCULLOUGH, | )<br>) |
| Plaintiff, | ) Civil Action No. 20-737<br>) |
| v. | ) Judge Cathy Bissoon<br>) |
| PENNSYLVANIA BOARD OF<br>PROBATION AND PAROLE *and*<br>THE HONORABLE PHILIP IGNELZI, | )<br>)<br>)<br>) |
| Defendants. | ) |

## MEMORANDUM ORDER

Plaintiff proceeds in this action *in forma pauperis*, (Docs. 3 and 5). After granting the right to proceed *in forma pauperis*, a court must review a plaintiff's allegations and dismiss his or her lawsuit if: (a) the allegation of poverty is untrue; (b) the action is frivolous; (c) the complaint fails to state a claim; or (d) the action seeks money damages from an immune defendant. 28 U.S.C. § 1915(e)(2); Atamian v. Burns, 236 F. App'x 753, 755 (3d Cir. 2007) ("[T]he provisions of § 1915(e) apply to all *in forma pauperis* complaints."). In performing this review, the court construes a *pro se* plaintiff's complaint liberally in favor of him or her. Haines v. Kerner, 404 U.S. 519, 520–21 (1972).

Plaintiff's Complaint, which totals 485 pages including exhibits, presents a wide-variety of far-reaching allegations of bias, corruption and misconduct against several judges, lawyers and other individuals affiliated with or working within the state and federal judicial systems in Pennsylvania. (See generally Complaint.) While these allegations predominate, Plaintiff's core allegations in her "civil rights action" under 42 U.S.C. § 1983 relate to grievances about how she is being supervised following incarceration in a state facility. (Id. at 1–2.)

1

Plaintiff names two Defendants: Philip Ignelzi, an Allegheny County Court of Common Pleas Judge, ("Judge Ignelzi"), and the Pennsylvania Board of Probation and Parole, (the "Board"). (Id. at 1.) Plaintiff indicates she is seeking relief from this Court because her appeal was denied by the Board after Judge Ignelzi refused to recuse himself in cases in which Plaintiff was a party.[1] (Id.) Plaintiff challenges Judge Ignelzi's decisions in the cases related to her as illegal and seeks relief from them here. (Id. at 26–28.) In particular, she asks that the Court make changes to the manner in which she is being supervised by the Commonwealth. (See, e.g., id. at 53 ("Please let Petitioner remain under PPPB's jurisdiction.").)

Both Defendants named are immune from suit. First, "states, state agencies, and state official who are sued in their official capacity are generally immune from lawsuits in federal courts." Ponds v. Pennsylvania Bd. of Probation & Parole, 2020 WL 497144, at *4 (M.D. Pa. Jan. 7, 2020) (citing Seminole Tribe v. Florida, 517 U.S. 44, 54 (1996)). The Board is a part of the Commonwealth of Pennsylvania and therefore is immune from suit by virtue of the Eleventh Amendment. Spuck v. Pennsylvania Bd. of Probation & Parole, 563 F. App'x 156, (3d Cir. 2014) ("[T]he Eleventh Amendment affords the Board protection from suit in an action brought pursuant to 42 U.S.C. § 1983."); see also Wyatt v. Dep't of Probation & Parole, 2020 WL 2307351, at *4 (E.D. Pa. May 8, 2020) (suit pursuant to Section 1983 cannot be maintained against Board because of Eleventh Amendment and because Board is not a "person" within meaning of the statute). Pennsylvania has not waived this immunity. 42 Pa. C.S. § 8521(b).

---

[1] Plaintiff's Complaint cites the specific state cases in which she alleges actions Judge Ignelzi exhibited "conflicted and criminal conduct" against her. (Complaint at 1.) Plaintiff states that she has exhausted her direct appeals and that "her PCRA Action in [sic] on Appeal with the U.S. Court of Appeals for the Third Circuit., Case No. 20-1378." (Id. at 2.) The Court takes judicial notice that the Court of Appeals determined on June 11, 2020 that Plaintiff's appeal had no merit, and the issues in that case appear to be unrelated to the specific grievances Plaintiff brings here. (No. 20-1378 at Doc. 11.)

Additionally, all of Plaintiff's allegations against Judge Ignelzi relate to actions taken by him in his capacity as a judge.  Judicial officers are protected by judicial immunity, which bars civil suits against them for actions taken in their judicial capacity.  See Mirales v. Waco, 502 U.S. 9, 11–12 (1991) ("Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages."); see also Azubuko v. Royal, 433 F.3d 302, 303 (3d Cir. 2006).   No allegation of "malicious intention" will overcome this immunity, and judicial immunity provides grounds for dismissal without leave to amend.  Peeples v. Citta, 501 F. App'x 109, 110–11 (3d Cir. 2012).  The doctrine bars monetary damages, as well as claims for injunctive relief.  Id. at 110 (money damages barred by judicial immunity); Azubuko, 443 F.3d at 304 (Congress amended Section 1983 to make clear, that except in two limited circumstances, the statute does not provide for injunctive relief against state or federal judges for actions taken in their official capacities); see also Fox v. Lee, 99 F. Supp. 2d 573, 575–76 (E.D. Pa. June 8, 2000) (same).

For the reasons set forth above,[2]  Plaintiff's Complaint, (Doc. 8), is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2), as Defendants are immune from suit.  In light of this conclusion, the pending Motion for Service by the U.S. Marshal Service, (Doc. 12), is **DENIED AS MOOT**.[3]

---

[2] Defendants' immunity notwithstanding, taking up Plaintiff's claims necessarily requires wading into issues "inextricably intertwined with" Judge Ignelzi's decisions regarding Plaintiff's supervision by the Commonwealth, and, pursuant to the Rooker-Feldman doctrine, this Court lacks subject matter jurisdiction to do so.  FOCUS v. Allegheny Cnty. Ct. of Common Pleas, 75 F.3d 834, 840 (3d Cir. 1996); Fox, 99 F. Supp. 2d at 576.

[3] Plaintiff also filed a motion for a writ of mandamus in which she identifies jurisdiction as lying in the Court of Appeals for the Third Circuit. (Doc. 13 at 1.)  Similarly, she states that "Petitioner is seeking, from this Court, that the trial court of the Western Pennsylvania United States District Court is compelled to order the Defendants . . . are served." (Id.)   Thus, the Motion is not directed toward the undersigned, and is denied as moot.

IT IS SO ORDERED.

August 12, 2020

s\Cathy Bissoon
Cathy Bissoon
United States District Judge

cc (via Electronic Filing):

Counsel of Record

cc (via First-Class U.S. Mail):

Kathleen McCullough
107 Fairway Landings Drive
Canonsburg, PA 15317